UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DR. SHARDUL KOPPAR,

                      Plaintiff,

-against-

ORANGE REGIONAL MEDICAL CENTER,
GREATER HUDSON VALLEY HEALTH
SYSTEMS, INC. a/k/a GARNET HEALTH, DR.
AAMIR GILANI, DR. SAMER EL ZARIF, and DR.
SAJID MIR

                      Defendants.

Civ. No.: 7:19-cv-11288-KMK

-------------------------------------------------------------X

## STIPULATION FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION AND DOCUMENTS (EMPLOYMENT CONTRACT)

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff, Dr. Shardul Koppar, and Defendants Orange Regional Medical Center ("ORMC"), Greater Hudson Valley Health Systems, Inc. a/k/a Garnet Health ("GH"), Dr. Aamir Gilani, Dr. Samer El Zarif, and Dr. Sajid Mir (collectively referred to as "Defendants"), and non party IPC HOSPITALIST SERVICES OF NEW YORK PC ( a/k/a referred to herein as IPC or TEAM HEALTH ) through their respective undersignedcounsel, as follows:

        1.     IPC has designated its employment contract with Dr. Koppar as a Confidential Matter.

        2.     IPC consents to Dr. Koppar producing a copy of his contract and his employment terms with IPC pursuant to defendant's discovery demands in this action. Such production or disclosure shall be designated as "Confidential Matter" and shall be used solely for the purposes of litigating this lawsuit and not for any other purpose, lawsuit, action or proceeding.

        3.     This Stipulation will extend to any information or materials derived from a source other than a party to this litigation if that source was contacted solely in regard to this

1

litigation, and if the information or materials received from that source are the same in substance as information or materials previously provided by a party and designated as "Confidential Matter."

        4.     If any party or counsel wishes to use or inquire into this "Confidential Matter" at any deposition, the portion of the deposition transcript that relates to the "Confidential Matter" shall be designated and treated as "Confidential Matter" and shall be subject to the confidentiality/protective provisions in this Stipulation.

        5.     "Confidential Matter" (including portions of deposition transcripts) or information derived therefrom may only be disclosed or made available by the party and/or counsel receiving the "Confidential Matter" or information to "Qualified Persons," who are defined to consist of:

        (a)     The Court and the Jury.

        (b)     The parties to this action, including those current and former employees of each party deemed necessary to aid counsel in the prosecution and defense of this action.

(c) Counsel for the parties to this action and their employees or agents, including associate attorneys, paralegals, litigation assistants, secretarial personnel, stenographic personnel, clerical personnel, and outside litigation support services, including without limitation, outside duplicating and/or photocopying services.

(d) Deponents, witnesses and possible witnesses, including experts (whether or not retained to testify) and third-party deponents utilized in connection with this action.

(e) Mediators.

(f) Court reporters; and

(g) Any other person(s) agreed to in writing by the parties.

6. Each non-lawyer given access to information or documents designated as "Confidential Matter" pursuant to the terms of this Stipulation shall be advised that the information and/or documents are being disclosed pursuant to and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms hereof.

7. If any party receiving documents or information designated as "Confidential Matter" under this Stipulation objects to such designation for any or all of such items, the following procedures shall apply:

(a) The non-designating party shall serve on the designating party a written objection to any information and/or documents for which the designation "Confidential Matter" is deemed inapplicable, which objection shall describe with particularity the information or documents in question and shall state the grounds for the objection. The designating party shall respond in writing to each objection propounded in this manner within 14 days after receiving the objection, and shall state with particularity the grounds for asserting that the information or

3

document should be treated as: "Confidential Matter." If the designating party does not respond to an objection within 14 days after receiving the objection, the challenged designation will be deemed to be void. If the designating party responds to an objection and asserts the propriety of the designation, the designating party and the non-designating party shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to the designation of information or documents as "Confidential Matter" cannot be resolved by agreement between the designating party and the non-designating party, the designating party shall present the dispute to the Court by letter, with a "cc" to all parties, in accordance with applicable rule(s), before filing a formal motion for an order regarding the challenged designation; and

(c) If any designation of "Confidential Matter" is disputed, all information and documents designated as "Confidential Matter" shall be treated as "Confidential Matter" under the terms of this Stipulation until the dispute is resolved by the Court.

8. In accordance with Rule IX of Judge Kenneth M. Karas' Individual Rules of Practice, notwithstanding any other provision, no document containing Confidential Matter may be filed with the Clerk under seal unless the filing party files a letter motion electronically via the Court's electronic filing system. The Letter Motion must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance of filing the Letter Motion described in Rule IX of Judge Kenneth M. Karas' Individual Rules of Practice. The party seeking to file an

opposing party's confidential information shall further advise the opposing party of the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Stipulation, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court. After any "Confidential Matter" is filed with the Court, the only individuals who will be allowed access to such information and/or documents will be those identified in Paragraph "6" above. Within sixty (60) days after the completion of this action, any party on whose behalf documents containing "Confidential Matter" were submitted to the Court will request the return of all the documents designated as "Confidential Matter" which the party has submitted to or filed with the Court. However, if a party fails to request the return of any documents designated as "Confidential Matter" after the expiration of this sixty (60) day period, the documents shall be destroyed.

       9.    The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

       10.    If information or documents designated as "Confidential Matter" in the possession of a receiving party are subpoenaed or ordered to be produced by any court, administrative agency, legislative body, regulatory body or any other person or organization purporting to have the authority to subpoena or to order the production of such information or data, the party to whom the subpoena or order is directed (the "subpoenaed party") shall:

(a) immediately notify the person or entity that issued the subpoena or order of the existence of this Stipulation and provide a copy of this Stipulation to that person or entity.

(b) abstain from providing or otherwise disclosing any information or documents designated as "Confidential Matter" in response to a subpoena or order until the subpoenaed party complies with sub-section (c) below.

(c) provide, within five (5) business days of receipt of the subpoena or order, a copy of the subpoena or order to the party who produced the "Confidential Matter;"

(d) notify the opposing party within five (5) business days of the subpoenaed party's receipt of any subpoena or order that requires the subpoenaed party to appear and testify concerning matters encompassed by this Paragraph; and

(e) The parties further agree to abstain from contesting the standing of the party which produced the Confidential Matter to move to quash such subpoena and/or to contest such order.

11. This Stipulation is intended to govern the procedures for the disclosure of confidential documents, material and information. Nothing contained in this Stipulation is intended to, or shall be construed to, waive any objections to the production of any information or documents that any party may wish to assert, including but not limited to any objections on the grounds of privilege and/or confidentiality to any requests for discovery propounded by any other party in this action.

12. Entering into, agreeing to and/or complying with the terms of this Stipulation shall not prejudice in any way the right of any party at any time: (a) to seek a determination by the Court of whether any particular item or piece of information should be subject

to the terms of this Stipulation, or (b) to seek relief on notice from any provisions of this Stipulation, either generally or as to any particular document or piece of information. In addition, nothing contained in this Stipulation shall be construed to prevent any party from applying to the Court for the revision of any terms within this Stipulation.

13. Nothing in this Stipulation shall require the disclosure of information or documents which are protected by the attorney-client privilege, the work product immunity or any other privilege or immunity, and the inadvertent production of information or materials that are protected by the attorney-client privilege, the work product immunity or any other privilege or immunity shall not operate as a waiver of such privilege or immunity. If a producing party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, the work product immunity or any other privilege or immunity, the producing party should promptly notify each receiving party in writing of the inadvertent production. Once a receiving party receives notice of the inadvertent production, the receiving party shall make reasonable efforts to retrieve all copies of the information and materials the receiving party or its agents distributed to others and shall return all originals and copies of such inadvertently produced material to the producing party within three (3) business days after receiving such notice. Any notes or summaries referring or relating to any inadvertently-produced or mistakenly produced information and/or materials subject to a claim of privilege or immunity shall be destroyed forthwith. Nothing in this Paragraph shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege designation by submitting a written or oral challenge of the designation to the Court. The producing party bears the burden of establishing the privileged nature of any inadvertently-produced information or materials. Each receiving party shall refrain from distributing or otherwise using

7

the inadvertently disclosed information or materials for any purpose until the discoverability of the materials is agreed upon by the parties or resolved by the Court. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials solely to respond to a motion by the producing party seeking the return or destruction of such information or materials. If a receiving party becomes aware that it has received information or materials which it knows or reasonably should know are privileged or subject to an immunity, the receiving party or its counsel shall immediately take steps to: (a) stop reading such information or materials; (b) notify counsel for the producing party of such information or materials; (c) collect all originals and copies of such information or materials in the receiving party's possession or control; (d) return such information and/or materials to the producing party; and (e) otherwise comport themselves in accordance with Rule 4.4(b) of the New York Rules of Professional Conduct.

    14. At the termination of this litigation, including all appeals, all originals and copies of "Confidential Matter" and all originals and copies of excerpts thereof shall be returned to the producing party, or at the option of the producing party, shall be destroyed within thirty (30) business days of the termination of the litigation. Any copies of documents containing "Confidential Matter" which bear the notations of a non-producing party or the non-producing party's counsel need not be returned to the producing party and shall be destroyed promptly by the non-producing party, who shall give written notice of the destruction of the documents to the producing party.

*AGREED TO FOR AND ON BEHALF OF PARTIES and NON-PARTY EMPLOYER:*

**THE LAW OFFICES OF SETH L. MARCUS**
670 White Plains Road, Penthouse
Scarsdale, New York 10583

By: _/s/ Seth L. Marcus_      Dated: March 24, 2021
Seth L. Marcus
*Attorneys for Plaintiff*

**JACKSON LEWIS P.C.**
44 South Broadway, 14th Floor
White Plains, New York 10601

By: _/s/_      Dated: March 24, 2021
Joseph A. Saccomano, Jr.
John T. Cigno
*Attorneys for Defendants*

IPC HOSPITALIST SERVICES OF
NEW YORK, P.C (a/k/a) Team
Health (non party)
5870 North Hiatus Road, Suite 200
Tamarac, Florida 33321

By: _/s/ Michael S. McCoy_      Dated: 3/24/21

*Its Authorized Representative*

SO ORDERED, this 25 day of March, 2021

_/s/_